[Civ. No. 4544. First Appellate District, Division Two.—June 7, 1923.]

HELEN CLAUSSEN (a Minor), Appellant, v. JOHN NEWTON, Respondent.

ADOLPH THOMAS, Appellant, v. JOHN NEWTON, Respondent.

[1] PROMISSORY NOTE—PAYMENT—EVIDENCE—FINDING.—In this action on a promissory note, all the evidence and the only evidence sustained the allegations of the complaint that the note was unpaid, and the trial court's finding that the note had been fully paid was unsupported.

[2] EMPLOYER AND EMPLOYEE—COMPENSATION—JUDGMENT.—In this action to recover for services rendered by plaintiff, upon the case made by defendant, based upon the theory that plaintiff had been employed on a commission basis during the entire period, plaintiff was entitled to a judgment in some amount, and the judgment in favor of defendant was erroneous.

[3] ID.—DIVISION OF PROFITS—ACCOUNTING.—In such action, plaintiff having proved by uncontradicted evidence that for a part of the time he was employed on a commission basis and that during the remainder of the period he was to have received fifty per cent of the profits, he was entitled to an accounting to determine the net profits, in order to ascertain whether he had received his proportionate share thereof.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. T. I. Fitzpatrick, Judge. Reversed.

The facts are stated in the opinion of the court.

Chalmer Munday for Appellants.

Harry I. Stafford for Respondent.

NOURSE, J.—These two cases were tried together upon the same evidence, and, though separate appeals were filed, are submitted upon the same record. [1] The first case of Helen Claussen v. John Newton was on a promissory note for $500. The trial court found that the note was executed and delivered in accordance with the allegations of the complaint. It also found that said note, together with all interest thereon, had been fully paid, and entered judgment for the defendant.

The whole attack upon this judgment is that the finding of payment is not supported by the evidence. A review of the evidence discloses that all that was offered in the case showed conclusively that the note was not paid. There was some evidence of doubtful merit that at some time during the business relations of the respondent and Adolph Thomas, the plaintiff in the second case, a payment was made by this respondent to Thomas in the sum of $1,060 on "trade acceptances and a note." There was no attempt to connect this testimony with the payment of the note in suit, and the respondent cites no evidence to sustain the finding and presents

no argument in support of the judgment. The case presented, therefore, is one in which all the evidence and the only evidence sustains the allegations of the complaint that the note was unpaid. The judgment, therefore, must be reversed.

In the second case Adolph Thomas sued John Newton on a common count for money for services rendered in the sum of $3,939.49. An amendment to the complaint was filed setting up a second cause of action in which it was alleged that on the nineteenth day of June, 1919, this plaintiff and the defendant entered into an agreement of copartnership for the conduct of a business in the city and county of San Francisco wherein they agreed to participate in the profits of said business, share and share alike. The prayer followed for an accounting of said partnership and the recovery of the amount found to be due from the defendant. The trial court found that these allegations of the complaint and the amendment thereto were not true and rendered judgment in favor of the defendant. As in the other case, the appeal is based upon the ground that the evidence is insufficient to support these findings.

The appellant testified, and on this appeal respondent concedes, that on April 15, 1918, the appellant entered into the employment of the respondent as a salesman or solicitor for him on the agreement that he was to receive as compensation therefor the sum of $15 per week, which was to cover the first $200 worth of business procured by him each week, together with a commission of five per cent on all further business procured by him, and expenses. The appellant testified that this agreement terminated about June 19, 1919, and the partnership agreement was thereupon made. Respondent contends that no partnership was formed, but that the appellant continued in the employ of the respondent under the agreement of April 15, 1918, until July 20, 1920. The only evidence on the question of the formation of the partnership is the direct and positive testimony of the appellant that such a partnership was formed and that the parties continued to act under it until the breach on July 20, 1920. The only evidence of any kind covering the terms under which the parties were working was the testimony of the appellant to the effect that from June 19, 1919, to July 20, 1920, he worked under an express agreement to divide

the profits 50–50. In support of the finding of the trial court that no partnership had been formed the respondent relied upon the inferences which he contends the trial court was justified in drawing from other circumstances.

[2] Passing the question of the formation of the partnership and directing our attention to the suit for the recovery of money due under the common count, respondent concedes that during the period of their business relations the gross revenue from the business was the sum of $119,346.13. He then deducts from this total the sum of $23,600, which represents the revenue estimated on the basis of $200 per week for the period of 218 weeks upon which no commission was payable. He then gives the sum of $95,746.13 as the gross revenue upon which appellant was entitled to a commission of five per cent, amounting to $4,787.30. The payment of $15 per week for the period of 118 weeks is conceded to be $1,770. The total of these two sums is $6,557.30, to which appellant would be entitled for the entire period under respondent's theory of the case. (Through a mathematical error the respondent gives this figure as $6,478.81.) The respondent then contends that the appellant actually received the sum of $6,346.62 for his services during this period. In arriving at the amount of the gross revenue of the business respondent takes the amount shown by deposit of money in the bank only and omits therefrom all mention of cash actually received and divided between the parties at various times during the period of employment. He also omits the amount of business on hand on July 20, 1920, which was shown to be $4,000. Thus, upon the case made out by respondent, the appellant was entitled to a judgment in some amount.

[3] These calculations are all made on the basis of respondent's theory that the appellant was to receive five per cent commission on the gross business of the concern throughout the entire period of employment. But the only evidence offered was that this arrangement was for five per cent commission *and expenses* and that this was changed by mutual consent on June 19, 1919, so that appellant was to receive fifty per cent of the *net* profits instead of five per cent of the gross. Having proved the agreement by uncontradicted evidence, appellant was entitled to an accounting to determine the net profits. If it should then appear that he had re-

ceived less than his proportionate share of these profits he would be entitled to a judgment for the difference.

Judgment reversed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 6, 1923.